UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBRA D. TODD,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security Administration,

    Defendant.

CASE NO.   C04-5605JKA

ORDER AFFIRMING ADMINISTRATIVE DECISION

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for disability insurance benefits. Specifically, plaintiff argues (1) the ALJ failed to properly consider plaintiff's Residual Functional Capacity, and (2) the ALJ improperly concluded Ms. Todd's failed to comply with medial advice. After reviewing the record, the court finds and orders as follows:

    1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less

ORDER
Page - 1

1 than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

2. At step-four in the evaluation process, the ALJ must determine if an impairment(s) prevents the claimant from doing past relevant work. If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant did in the past. 20 C.F.R. § 404.1520(e). If the ALJ finds that the claimant has not shown that he is incapable of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends at this point. 20 C.F.R. § 404.1520(e). Plaintiff bears the burden to establish that he cannot perform his past work. Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1356 (1996).

Here, the ALJ found Plaintiff has the RFC "to perform light work, or work which involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. She can stand and/or walk for up to 4 hours in an 8-hour day (1 hour continuous); and sit for up to 4 hours in an 8-hour day (1 hour continuous)." Plaintiff argues the ALJ misconstrued the medical evidence, specifically in regard to the Dr. Firestone's opinion, when Ms. Todd's RFC was evaluated. Plaintiff claims the ALJ relied on Dr. Firestone's prognosis, rather than current limitations, which would have limited Plaintiff to standing, walking and sitting to two hours.

The ALJ relied on and gave substantial weight to Dr. Firestone's evaluation and the State agency evaluations, and he noted that a final determination could not be based on the medical considerations alone. (See discussion below with respect to the ALJ's finding of noncompliance.) Dr. Firestone reported Ms. Todd was capable of Lifting/Carrying twenty pounds occasionally (up to 1.3 of an 8-hour day) and ten pounds frequently (from 1/3 to 2/3 of an 8-hour day). Tr. 362. Both State agency reports indicated Ms. Todd was capable of Sitting, Standing, or Walking about six hours of an 8-hour workday. Tr. 248 (Dr. Thompson) & Tr. 312 (Dr. Gory).

ORDER
Page - 2

3. In conjunction with the ALJ's finding that Ms. Todd was "not entirely credible", he addressed the issue of noncompliance with physician's advice and recommendations. The ALJ noted Ms. Todd smokes, despite her doctor's recommendation to stop smoking. He also wrote, "The claimant admitted in her testimony that she does not exercise. She stated at the last hearing that her doctors have never ordered physical therapy or conditioning for her but the record shows that in fact doctors recommend stopping smoking, getting exercise and changing her diet (Exhibit 17F:9)." In April 2001, Dr. Bateman, Plaintiff's treating physician, recommended that Ms. Todd quit smoking, diet, and exercise to help control her cholesterol levels. Tr. 327.

4. The ALJ's decision is properly supported by substantial evidence. The physical limitations found by Dr. Firestone and the State agency doctors support the ALJ's RFC determination. The issue regarding Ms. Todd's noncompliance with Dr. Bateman's directions to quit smoking, exercise and diet is relevant to and supports the ALJ's analysis of Ms. Todd's credibility. The ALJ properly discredited Ms. Todd's allegations of total disability, and in light of the record as a whole, the credibility analysis further supports the ALJ's treatment of the medical evidence.

3. Accordingly, the Court AFFIRMS the Social Security Administration's final decision.

DATED this 24th day of May, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge